IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA
CIVIL DIVISION

WILLIAM B. GRITZ and JAMES SUMNER, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

LOWE'S HOME CENTERS, INC., a foreign corporation, and LOWE'S HI, LLC dba LOWE'S HOME IMPROVEMENT, LLC a foreign limited liability company.

    Defendant.

Case No. 51-2009-CA1193-WS

Division: _____

CLASS REPRESENTATION

## COMPLAINT

COME NOW, Plaintiffs, WILLIAM B. GRITZ ("GRITZ") and JAMES SUMNER ("SUMNER"), individually and on behalf of others similarly situated (collectively, "PLAINTIFFS"), by and through their undersigned counsel and sue Defendants, LOWE'S HOME CENTERS, INC., a foreign corporation, and LOWE'S HI, LLC dba LOWE'S HOME IMPROVEMENT, LLC, a foreign limited liability company, (collectively, "DEFENDANTS"), and state as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within Pasco County because a substantial part of the events giving rise to this claim arose in this Judicial District.

## PARTIES

3. PLAINTIFF, WILLIAM B. GRITZ, is a citizen and resident of Pasco County, Florida.

4. PLAINTIFF, JAMES SUMNER, is a citizen and resident of Pasco County, Florida.

5. DEFENDANT, LOWE'S HOME CENTERS, LLC, ("HOME CENTERS"), is a foreign corporation engaged in substantial and not limited business activities within the state of Florida.

6. DEFENDANT, HOME CENTERS, is an employer as defined by the laws under which this action is brought.

7. DEFENDANT, LOWE'S HI, LLC dba LOWE'S HOME IMPROVEMENT, LLC, ("LOWE'S HI"), is a foreign limited liability company engaged in substantial and not limited business activities within the state of Florida.

8. DEFENDANT, LOWE'S HI, is an employer as defined by the laws under which this action is brought.

## FACTS

9. DEFENDANTS hired GRITZ on or about July 11, 2002. GRITZ was terminated on or about August 17, 2009.

10. DEFENDANTS hired SUMNER in or about August, 2005. SUMNER was terminated in or about April or May, 2008.

11. PLAINTIFFS were paid an hourly rate of pay. At the time of their termination, GRITZ received an hourly wage of $15.93 (fifteen dollars and ninety-three

cents), and SUMNER received an hourly wage of $13.50 (thirteen dollars and fifty cents).

12. PLAINTIFFS were employed in the general area of retail.

13. At all relevant times, PLAINTIFFS and other similarly situated employees were required to arrive at work approximately fifteen (15) minutes prior to the store opening. During this time, PLAINTIFFS and other similarly situated employees were required to prepare for the day by walking to the back of the store, opening their lockers, and putting on their uniform (apron and name tag). PLAINTIFFS, and other similarly situated employees, then had to walk to the front of the store to clock-in. PLAINTIFFS, and other similarly situated employees, were not allowed to clock-in prior to putting on their uniform. While walking to the front of the store to clock-in, PLAINTIFFS, and other similarly situated employees, were often stopped by customers and were required to assist those customers by answering the customers' questions, directing the customers to the correct area of the store, or showing the customers a product. PLAINTIFFS and other similarly situated employees were not paid for this time.

14. At all relevant times, PLAINTIFFS and other similarly situated employees were required to clock-out prior to walking to the back of the store to take off their uniforms. While walking to the back of the store to take off their uniforms after clocking-out, PLAINTIFFS and other similarly situated employees were often stopped by customers and were required to assist those customers by answering the customers' questions, directing the customers to the correct area of the store, or showing the customers a product. When PLAINTIFFS and other similarly situated employees

reached the back of the store, PLAINTIFFS were required to place their uniforms in their lockers. PLAINTIFFS and other similarly situated employees were not paid for this time.

15. DEFENDANTS were aware of the actual hours that PLAINTIFFS and other similarly situated employees worked.

## CLASS REPRESENTATION ALLEGATIONS

16. PLAINTIFFS reallege paragraphs one (1) through fifteen (15) of this Complaint as though set forth fully herein.

17. The minimum wages claim is maintainable on behalf of the class under Florida Rule of Civil Procedure 1.220(b)(3) because PLAINTIFFS and those similarly situated are seeking primarily money damages. Additionally, the class action would achieve judicial economy and promote uniformity of a decision as to those similarly situated without sacrificing fairness to each individual. Specifically, every hourly employee engaged in the general area of retail was required to don and doff his/her uniform and perform work related duties prior to being allowed to clock-in and after clocking-out. DEFENDANTS did not compensate the employees for the work they did during this time in which they were not clocked-in.

18. There are questions of law and fact that are common to the claims of PLAINTIFFS and the claims of each member of the class. All members of the class share their claims against a specific entity, their employer. DEFENDANTS did not pay hourly employees who were generally engaged in the area of retail for the time in which they were not clocked-in, which affected the entire class. Furthermore, the class shares nearly all of the same characteristics. They are or were hourly employees who worked generally in retail. Furthermore, all hourly retail employees are and were unpaid for the

time in which they were not clocked-in. PLAINTIFFS' minimum wages claim is common to others similarly situated because DEFENDANTS did not compensate them for time worked.

19. The facts and circumstances advanced by PLAINTIFFS are typical of the claims of other class members because PLAINTIFFS, like other class members, were not compensated for time in which they were performing work for DEFENDANTS.

20. DEFENDANTS employ approximately one hundred (100) hourly employees at each store and have over eighty (80) stores in Florida and over one thousand five hundred (1,500) nationwide. Thus, the class is comprised of potentially hundreds or thousands of hourly retail employees, which makes the class so numerous that separate joinder of each member is impracticable.

21. PLAINTIFFS, through their undersigned counsel, fairly and adequately protect and represent the interests of each member of the class. Furthermore, PLAINTIFFS have a personal stake in the litigation and a straightforward relationship with the undersigned counsel. Specifically, PLAINTIFFS have retained counsel experienced in civil litigation matters. PLAINTIFFS' counsel, Wolfgang M. Florin and Christopher D. Gray, are experienced labor and employment lawyers who have collectively counseled thousands of employees regarding their employment claims. Further, they have been previously approved as counsel in class action litigation. Wolfgang M. Florin is Board Certified by the Florida Bar in Labor and Employment Law. Their law firm, Florin Roebig, P.A. is rated "AV" by Martindale-Hubbell.

## COUNT I
## FAIR LABOR STANDARDS ACT - OVERTIME
## (LOWE'S HOME CENTERS, INC.)

22. PLAINTIFFS reallege paragraphs one (1) through fifteen (15) of this Complaint as though set forth fully herein.

23. At all times material, HOME CENTERS failed to comply with 29 U.S.C. § 201, *et seq.*, because HOME CENTERS did not include time that PLAINTIFFS worked before and after their scheduled shifts in the calculation of the total hours worked, resulting in PLAINTIFFS not being paid for all hours worked in excess of forty (40) hours per week.

24. HOME CENTERS' failure to pay PLAINTIFFS the required overtime pay was intentional and willful.

25. By reason of the intentional, willful and unlawful acts of HOME CENTERS in violation of the FLSA, PLAINTIFFS have suffered damages.

**WHEREFORE**, PLAINTIFFS demand judgment against DEFENDANT, LOWE'S HOME CENTERS, INC., for:

a. Overtime compensation;

b. Liquidated damages;

c. Prejudgment interest;

d. Post judgment interest;

e. Attorney's fees;

f. Costs; and

g. Such other relief as the Court deems equitable.

## COUNT II
## FAIR LABOR STANDARDS ACT - OVERTIME
## (LOWE'S HI, LLC)

26. PLAINTIFFS reallege paragraphs one (1) through fifteen (15) of this Complaint as though set forth fully herein.

27. At all times material, LOWE'S HI failed to comply with 29 U.S.C. § 201, *et seq.*, because LOWE'S HI did not include time that PLAINTIFFS worked before and after their scheduled shifts in the calculation of the total hours worked, resulting in PLAINTIFFS not being paid for all hours worked in excess of forty (40) hours per week.

28. LOWE'S HI'S failure to pay PLAINTIFFS the required overtime pay was intentional and willful.

29. By reason of the intentional, willful and unlawful acts of LOWES HI in violation of the FLSA, PLAINTIFFS have suffered damages.

**WHEREFORE,** PLAINTIFFS demand judgment against DEFENDANT LOWE'S HI, LLC, for:

a. Overtime compensation;

b. Liquidated damages;

c. Prejudgment interest;

d. Post judgment interest;

e. Attorney's fees;

f. Costs; and

g. Such other relief as the Court deems equitable.

## COUNT III
## FAIR LABOR STANDARDS ACT - OVERTIME
## COLLECTIVE ACTION
## (LOWE'S HOME CENTERS, INC.)

30. PLAINTIFFS reallege paragraphs one (1) through two (2), five (5) through eight (8), thirteen (13) through fifteen (15), and seventeen (17) through twenty-one (21) of this Complaint as though set forth fully herein.

31. At all times material, HOME CENTERS failed to comply with 29 U.S.C. § 201, *et seq.*, because HOME CENTERS did not include time that individuals similarly situated to PLAINTIFFS worked before and after their scheduled shifts in the calculation of the total hours worked, resulting in similarly situated employees not being paid for all hours worked in excess of forty (40) hours per week.

32. HOME CENTERS' failure to pay individuals similarly situated to PLAINTIFFS the required overtime pay was intentional and willful.

33. By reason of the intentional, willful and unlawful acts of HOME CENTERS in violation of the FLSA, individuals similarly situated to PLAINTIFF have suffered damages.

**WHEREFORE**, PLAINTIFFS, on behalf of other similarly situated employees of HOME CENTERS, demand judgment against DEFENDANT LOWE'S HOME CENTERS, INC., for:

   a. Overtime compensation;

   b. Liquidated damages;

   c. Prejudgment interest;

   d. Post judgment interest;

   e. Attorney's fees;

f.  Costs; and

g.  Such other relief as the Court deems equitable.

## COUNT IV
## FAIR LABOR STANDARDS ACT - OVERTIME
## COLLECTIVE ACTION
## (LOWE'S HI, LLC)

34. PLAINTIFFS reallege paragraphs one (1) through two (2), five (5) through eight (8), thirteen (13) through fifteen (15), and seventeen (17) through twenty-one (21) of this Complaint as though set forth fully herein.

35. At all times material, LOWE'S HI failed to comply with 29 U.S.C. § 201, *et seq.*, because LOWE'S HI did not include time that individuals similarly situated to PLAINTIFFS worked before and after their scheduled shifts in the calculation of the total hours worked, resulting in similarly situated employees not being paid for all hours worked in excess of forty (40) hours per week.

36. LOWE'S HI'S failure to pay individuals similarly situated to PLAINTIFFS the required overtime pay was intentional and willful.

37. By reason of the intentional, willful and unlawful acts of LOWE'S HI in violation of the FLSA, individuals similarly situated to PLAINTIFF have suffered damages.

**WHEREFORE**, PLAINTIFFS, on behalf of other similarly situated employees of LOWE'S HI, demand judgment against DEFENDANT, LOWE'S HI, LLC, for:

a.  Overtime compensation;

b.  Liquidated damages;

c.  Prejudgment interest;

d.  Post judgment interest;

e. Attorney's fees;

f. Costs; and

g. Such other relief as the Court deems equitable.

## COUNT V
## FLORIDA MINIMUM WAGE
## (LOWE'S HOME CENTERS, INC.)

38. PLAINTIFFS reallege paragraphs one (1) through fifteen (15) of this Complaint as though set forth fully herein.

39. Because HOME CENTERS did not include time that PLAINTIFFS worked before and after their scheduled shift in the calculation of the total hours worked, PLAINTIFFS were not paid for all hours worked at hourly rate in accordance with Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24, in that PLAINTIFFS should have been paid at the minimum wage rate.

40. HOME CENTERS' failure to pay PLAINTIFFS the required wage was intentional and willful.

41. As a direct and legal consequence of HOME CENTERS' unlawful acts, PLAINTIFFS have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, PLAINTIFFS prays for judgment against DEFENDANT, LOWE'S HOME CENTERS, INC., for:

a. payment of earned unpaid wages;

b. pre judgment interest;

c. post-judgment interest;

d. attorney's fees;

e. costs; and

f.	such other relief as the Court deems equitable.

f.	such other relief as the Court deems equitable.

## COUNT VI
## FLORIDA MINIMUM WAGE
## (LOWE'S HI, LLC.)

42.	PLAINTIFFS reallege paragraphs one (1) through fifteen (15) of this Complaint as though set forth fully herein.

43.	Because LOWE'S HI did not include time that PLAINTIFFS worked before and after their scheduled shift in the calculation of the total hours worked, PLAINTIFFS were not paid for all hours worked at hourly rate in accordance with Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24, in that PLAINTIFFS should have been paid at the minimum wage rate.

44.	LOWE'S HI'S failure to pay PLAINTIFFS the required wage was intentional and willful.

45.	As a direct and legal consequence of LOWE'S HI'S unlawful acts, PLAINTIFFS have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, PLAINTIFFS prays for judgment against DEFENDANT, LOWE'S HI, LLC, for:

a.	payment of earned unpaid wages;

b.	pre-judgment interest;

c.	post-judgment interest;

d.	attorney's fees;

e.	costs; and

f.	such other relief as the Court deems equitable.

## COUNT VI
## FLORIDA MINIMUM WAGE
## (CLASS ACTION)
## (LOWE'S HOME CENTER, INC.)

46. PLAINTIFFS reallege paragraphs one (1) through two (2), five (5) through eight (8), thirteen (13) through fifteen (15), and seventeen (17) through twenty-one (21) of this Complaint as though set forth fully herein.

47. Because HOME CENTER did not include time that individuals similarly situated to PLAINTIFFS worked before and after their scheduled shift in the calculation of the total hours worked, individuals similarly situated to PLAINTIFFS were not paid for all hours worked at hourly rate in accordance with Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24, in that individuals similarly situated to PLAINTIFFS should have been paid at the minimum wage rate.

48. HOME CENTERS' failure to pay individuals similarly situated to PLAINTIFFS the required wage was intentional and willful.

49. As a direct and legal consequence of HOME CENTERS' unlawful acts, individuals similarly situated to PLAINTIFFS have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, PLAINTIFFS, on behalf of other similarly situated employees of HOME CENTERS, demand judgment against DEFENDANT, LOWE'S HOME CENTERS, INC., for:

    a. payment of earned unpaid wages;

    b. pre-judgment interest;

    c. post-judgment interest;

    d. attorney's fees;

e.  costs; and

f.  such other relief as the Court deems equitable.

## COUNT VII
## FLORIDA MINIMUM WAGE
## (CLASS ACTION)
## (LOWE'S HI, LLC)

50.  PLAINTIFFS reallege paragraphs one (1) through two (2), five (5) through eight (8), thirteen (13) through fifteen (15), and seventeen (17) through twenty-one (21) of this Complaint as though set forth fully herein.

51.  Because LOWE'S HI did not include time that individuals similarly situated to PLAINTIFFS worked before and after their scheduled shift in the calculation of the total hours worked, individuals similarly situated to PLAINTIFFS were not paid for all hours worked at hourly rate in accordance with Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24, in that individuals similarly situated to PLAINTIFFS should have been paid at the minimum wage rate.

52.  LOWE'S HI'S failure to pay individuals similarly situated to PLAINTIFFS the required wage was intentional and willful.

53.  As a direct and legal consequence of LOWE'S HI'S unlawful acts, individuals similarly situated to PLAINTIFFS have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, PLAINTIFFS, on behalf of other similarly situated employees of HOME CENTERS, demand judgment against DEFENDANT, LOWE'S HI, LLC, for:

a.  payment of earned unpaid wages;

b.  pre-judgment interest;

c.  post-judgment interest;

d.   attorney's fees;

e.   costs; and

f.   such other relief as the Court deems equitable.

## DEMAND FOR JURY TRIAL

54.   PLAINTIFFS demand a trial by jury on all issues so triable.

DATED: ___11/24___, 2009.

FLORIN ROEBIG, P.A.

*/s/ Christopher D. Gray*

CHRISTOPHER D. GRAY, ESQUIRE
Florida Bar No.: 902004
cdg@florinroebig.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wmf@florinroebig.com
**RACHAEL L. WOOD, ESQUIRE**
Florida Bar No. 0054102
rwood@florinroebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiffs