UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM B. GRITZ and
JAMES SUMNER,

        Plaintiffs,

v.                                        Case No. 8:09-cv-2611-T-24-MAP

LOWE'S HOME CENTERS, INC.,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Lowe's Home Centers, Inc.'s ("Lowe's") Motion to Dismiss for Failure to Prosecute. (Doc. No. 25.) Lowe's moves for an involuntary dismissal of all claims brought by named plaintiff William B. Gritz and opt-in plaintiff Anthony Blaszczyk, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 3.10.

**I.    Background**

In November 2009, the named plaintiffs, Gritz and James Sumner, filed this action against Lowe's for unpaid overtime wages under the Fair Labor Standards Act and failure to pay minimum wages under Florida Minimum Wage Laws. Plaintiffs Blaszczyk and Christine M. Mosher later opted-in to the lawsuit by filing their Consents to Join the Lawsuit.

In August 2010, the plaintiffs' counsel filed a motion to withdraw as counsel. The Court granted that motion on August 17, 2010, and granted the plaintiffs a 30-day stay to obtain new counsel. The plaintiffs did not obtain new counsel, and the Court considered them to be proceeding pro se.

In September 2010, Sumner and Lowe's filed a stipulation of voluntary dismissal with prejudice as to Sumner's claims. The Court entered an order dismissing Sumner's claims with prejudice on September 7, 2010. Likewise, Mosher and Lowe's filed a stipulation of voluntary dismissal with prejudice as to Mosher's claims. The Court entered an order dismissing Mosher's claims with prejudice on October 19, 2010.

Lowe's represents to the Court that during the same time period when Sumner and Mosher dismissed their claims against Lowe's, Gritz told Lowe's counsel that he intended to dismiss his claims as well. Since then, Lowe's counsel has tried numerous times to contact Gritz to determine whether he intends to pursue the litigation, and if so, to schedule his deposition, but Gritz has not responded. Lowe's has also attempted to contact Blaszczyk numerous times to ascertain his intentions regarding the suit, and to schedule his deposition, but he has not responded. Lowe's filed copies of its correspondence to Gritz and Blaszczyk with this motion.

Lowe's filed this motion to dismiss for lack of prosecution on October 28, 2010. When neither Gritz nor Blaszczyk timely responded, the Court entered an order directing them to file a response to the motion by November 22, 2010. The Court warned the plaintiffs that "failure to comply may result in the Court considering the motion as unopposed, and dismissing the case without further notice." To date, neither party has filed a response to the motion.

**II.    Discussion**

Lowe's moves the Court to dismiss Gritz's and Blaszczyk's claims with prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In addition, Local Rule 3.10 provides that "[w]henever it appears

that any case is not being diligently prosecuted the Court may, on motion of any party or on its own, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution."

Here, Gritz and Blaszczyk did not respond to Lowe's repeated requests to schedule their depositions, to Lowe's discovery requests, to Lowe's motion, or the Court's order. The plaintiffs filed this lawsuit one year ago, yet it appears that they have not taken any action to prosecute the case. The Court warned the plaintiffs that it would dismiss the case without further notice if they did not respond to the motion. Under these circumstances, dismissal of their claims is appropriate. However, the dismissal shall be without prejudice.

## III.     Conclusion

Accordingly, Lowe's Motion to Dismiss for Failure to Prosecute is **GRANTED IN PART** to the extent that Gritz's and Blaszczyk's claims are **DISMISSED WITHOUT PREJUDICE** for lack of prosecution pursuant to Rule 41(b) and Local Rule 3.10. The motion is otherwise denied. As there are no remaining claims before the Court, the Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of November, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record